## GAUSE–WARE SERVICE INS. CO. v. THOMAS.

### Civ. No. 589.

District Court, N. D. Texas, Fort Worth Division.

July 23, 1946.

G. W. Parker, Jr., and A. E. Brooks, both of Fort Worth, Tex., for plaintiff.

Wm. P. Walker, Asst. Dist. Atty., of Crosbyton, Tex., and A. W. Christian, Asst. Dist. Attys., of Dallas, Tex., Lester L. Gibson, Asst. to Atty. Gen., for defendant.

WILSON, District Judge.

This cause came on for trial, and the court having heard the evidence and considered the pleadings and stipulation of the parties finds the facts and states the conclusions of law as follows;

Findings of Fact.

1. The agents involved herein were appointed by Gause-Ware Life Insurance Company as required by state law and solicited applications for industrial insurance and collected premiums for and on behalf of Gause-Ware Life Insurance Company, using their own means and methods. Policies were issued by the Company after approval of applications.

2. Each agent applied for and secured his own license from the State of Texas.

3. The Company did not require the agents to devote any particular amount of time to their work and did not require the agents to observe any fixed hours of work. It was customary for the agents to meet at the office of the Company each morning to turn in new applications and to account for premium collections.

4. The agents furnished their own transportation and were not subject to any rules or regulations as to methods of solicitation or details of selling or making collections; but applications were taken on forms furnished by the Company and reports of collections were made on forms furnished by the Company.

5. No office space was furnished to the agents except that desks were available for the agents' use in making out reports in the Company's office if the agents so desired.

6. All agents involved herein were compensated solely on a commission basis.

7. Agents were not required to devote their time exclusively to the business of Gause-Ware Life Insurance Company, and approximately 75% of the agents held appointments from other insurance companies selling different types of insurance from that sold by Gause-Ware Life Insurance Company.

8. Either the agent or the Company could terminate the relationship at any time.

9. The Company encouraged the production of business and made suggestions as to how to increase business, and the agents were sometimes accompanied by supervisors who helped them in their solicitations, but neither the supervisor nor any other officers or employees of the Company directed or controlled the details of the work.

10. The Company did not have the right to control and direct agents as to the details and means by which their work was done, but such supervision as was made was directed only to the result to be accomplished.

11. Taxes under Title IX of the Social Security Act, 42 U.S.C.A. § 1101 et seq., for the calendar year 1938 in the amount of $59.43 were paid by Gause-Ware Life Insurance Company to W. A. Thomas, Collector of Internal Revenue. Taxes under the provisions of the Federal Unemployment Tax Act, 26 U.S.C.A. Int.Rev.Code § 1600 et seq., for the calendar year 1939 in the amount of $187.60 were paid by Gause-Ware Life Insurance Company to W. A. Thomas, Collector of Internal Revenue. Taxes under Title VIII of the Social Security Act, 42 U.S.C.A. § 1001 et seq., and the Federal Insurance Contributions Act, 26 U.S.C.A. Int.Rev.Code, § 1400 et seq., for the taxable periods from April 1, 1938 to June 30, 1941, in the amount of $541.31 were paid by Gause-Ware Life Insurance Company to W. A. Thomas, Collector of Internal Revenue.

12. The taxes for each quarter involved were paid on or before 30 days after the end of each quarter as shown by the Claims for Refund introduced in evidence herein.

13. Plaintiff took over all of the assets and assumed all of the liabilities of Gause-Ware Life Insurance Company on September 19, 1942.

### Conclusions of Law.

1. The insurance agents involved herein were not employees of Gause-Ware Life Insurance Company within the meaning of Titles VIII and IX of the Social Security Act applicable to the taxable periods involved.

2. Taxes totalling in amount $788.34 were illegally assessed and collected by W. A. Thomas, Collector of Internal Revenue.

3. Plaintiff is entitled to recover judgment of and from Kate R. Thomas, Community Survivor of the Estate of herself and W. A. Thomas, Deceased, in the sum of $788.34 together with interest from dates of payments as provided by law and all costs of suit.